*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

_____

## UNITED STATES
Appellant

**v.**

## Brandon B. HUNT, Senior Airman
United States Air Force, Appellee

**No. 25-0257**
Crim. App. No. 40563

Argued February 25, 2026—Decided August 6, 2026

Military Judge: Tiny Bowman

For Appellant: *Colonel G. Matt Osborn* (argued); *Colonel Matthew D. Talcott* and *Mary Ellen Payne*, Esq. (on brief).

For Appellee: *Major Jordan L. Grande* (argued); *Major Nicole J. Herbers*, *Daniel Conway*, Esq., and *Scott R. Hockenberry*, Esq. (on brief).

Judge SPARKS delivered the opinion of the Court, in which Judge HARDY and Judge JOHNSON joined. Judge OHLSON filed a separate opinion concurring in the judgment. Chief Judge MAGGS filed a separate dissenting opinion, in which Judge OHLSON joined in part.

_____

Judge SPARKS delivered the opinion of the Court.

A panel of officer and enlisted members sitting as a general court-martial convicted Appellee, contrary to his pleas, of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2018). The military judge sentenced Appellee to a dishonorable discharge, confinement for nine months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings, disapproved the reprimand, and denied Appellee's request for deferment of the reduction in grade.

On appeal, the United States Air Force Court of Criminal Appeals (AFCCA) set aside the conviction as factually insufficient, finding that the Government failed to disprove beyond a reasonable doubt that Appellee acted under an honest and reasonable mistake of fact as to consent, even though Appellee had not specifically identified mistake of fact as the deficiency in proof when he requested a factual sufficiency review. *United States v. Hunt*, No. ACM 40563, 2025 CCA LEXIS 215, at *30-31, 2025 WL 1420264, at *11 (A.F. Ct. Crim. App. May 16, 2025) (unpublished). Major General Rebecca R. Vernon, who was then performing the duties of the Judge Advocate General of the United States Air Force, certified the following questions to this Court:

> I. Can a Court of Criminal Appeals find a conviction factually insufficient under Article 66, UCMJ, 10 U.S.C. § 866 based on a matter not raised as a "deficiency in proof" by the Appellant?
>
> II. Did the Air Force Court of Criminal Appeals err by finding Appellee's conviction factually insufficient based on mistake of fact as to consent, when Appellee did not identify or argue mistake of fact as to consent as a deficiency in proof in his appeal?[1]

---

[1] Major General Vernon's signature on the certificate for review is accompanied by this notation: "Performing the Duties

We hold that Article 66(d)(1)(B)(i), UCMJ, 10 U.S.C. § 866(d)(1)(B)(i) (2024), requires an accused to request a factual sufficiency review and make a specific showing of a deficiency in proof, but that requirement functions as a threshold to review, not as a limit on the Court of Criminal Appeals's (CCA) scope of review. Once the threshold is satisfied, a CCA may find a conviction factually insufficient on a basis not expressly stated by the accused as the specific deficiency in proof so long as that conclusion relates to the same finding to which the stated showing of deficiency refers. In other words, the CCA's authority to review the entire record runs to the challenged finding itself, not to findings the accused has not put at issue. Thus, the AFCCA did not err in its factual sufficiency review of this case.

## I. Background

In April 2022, Appellee and MM met through a dating application and engaged in consensual vaginal intercourse at MM's home. Appellee then requested anal intercourse. Though MM initially hesitated, she agreed after Appellee said he would "go easy." MM understood that if she said "stop," Appellee would comply. The record contains conflicting statements from MM regarding exactly when she said "stop," how long penetration continued after her objection, and how Appellee responded. The following day, MM texted Appellee: "Why did you do that to me?" and stated, "Thanks for not stopping when I asked you to. I really appreciate it." Appellee replied: "I did. I f[**]king did."

On appeal to the AFCCA, Appellee raised several assignments of error, including challenges to the factual sufficiency of the evidence. Citing MM's inconsistent statements, Appellee focused, in part, on the Government's failure to disprove the possibility that the charged sexual act ceased promptly upon MM's withdrawal of consent. The lower court concluded that this argument satisfied the

---

of The Judge Advocate General." We are satisfied that this Court has jurisdiction here.

statutory requirement of Article 66(d)(1)(B)(i), UCMJ, and triggered a factual sufficiency review. *Hunt*, 2025 CCA LEXIS 215, at *19-20, 2025 WL 1420264, at *7. The AFCCA ultimately set aside the conviction as factually insufficient on the legal theory: that the Government had failed to disprove that Appellee operated under an honest and reasonable mistake of fact regarding MM's consent. *Id.* at *20, *24, *30-31, 2025 WL 1420264, at *7, *9, *11.

## II. Standard of Review

The CCA's interpretation of its statutory obligations under Article 66(d)(1)(B), UCMJ, is a question of law we review de novo. *United States v. Csiti*, 85 M.J. 414, 420 (C.A.A.F. 2025) (citation omitted). We review the CCA's application of Article 66(d)(1)(B), UCMJ, for abuse of discretion. *Id.*

## III. Analysis

Before the 2021 amendments to Article 66, UCMJ, a CCA's authority to conduct a factual sufficiency review was automatic and broad, governed by the former Article 66(d)(1), which provided:

> In any case before the Court of Criminal Appeals under subsection (b), the Court may act only with respect to the findings and sentence as entered into the record under section 860c of this title (article 60c). The Court may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, the Court may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

10 U.S.C. § 866(d)(1) (2018).

4

Following the 2021 amendments,[2] the authority to conduct a factual sufficiency review appears in Article 66(d)(1)(B), UCMJ, which states:

> (B) FACTUAL SUFFICIENCY REVIEW.— (i) In an appeal of a finding of guilty under subsection (b), the Court may consider whether the finding is correct in fact upon request of the accused if the accused makes a specific showing of a deficiency in proof.
>
> (ii) After an accused has made such a showing, the Court may weigh the evidence and determine controverted questions of fact subject to—
>
>> (I) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence; and
>>
>> (II) appropriate deference to findings of fact entered into the record by the military judge.
>
> (iii) If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

10 U.S.C. § 866(d)(1)(B) (Supp. III 2019-2022).

Under the amended Article 66(d)(1)(B)(i), UCMJ, factual sufficiency review is no longer automatic. It is instead an accused-driven process requiring two predicates: the accused must request a factual sufficiency review and make a specific showing of a deficiency in proof. *United States v. Harvey*, 85 M.J. 127, 130 (C.A.A.F. 2024). There is no dispute that these two predicates were satisfied here. The question is what follows once they are met.

---

[2] Article 66(d)(1)(B) was amended on Jan. 1, 2021, *see* the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, 134 Stat. 3388 (2021), to include the language and numbering shown in the text below, and these amendments became effective on that date. *See id.* § 542(b), (e), 134 Stat. 3611-12.

The Government argues that the Article 66(d)(1)(B)(i), UCMJ, "specific showing" requirement limits not only access to factual sufficiency review, but also its scope, confining the CCA to the precise theory advanced by the accused. Appellee responds that the "specific showing" requirement is only a threshold to review, after which the CCA may weigh the evidence and determine controverted questions of fact across the entire record, subject to the deference Congress required.

We begin with the statute. If a statute is unambiguous, we apply its plain meaning as written. *United States v. Schmidt*, 82 M.J. 68, 73 (C.A.A.F. 2022). The structure of Article 66(d)(1)(B) distinguishes between the threshold for review and the scope of review. Clause (i) sets out what the accused must do to invoke a factual sufficiency review, i.e., a specific, reasonable, nonfrivolous statement of error as to a particular finding. Clauses (ii) and (iii) then define what the CCA may do once that threshold is satisfied. However, nothing in these two later clauses ties the CCA's factual sufficiency authority to the accused's precise formulation of the deficiency in proof.

That distinction between the threshold for review and the scope of review is reinforced by Congress's retention of the phrase "determine controverted questions of fact." Article 66(d)(1)(B)(ii), UCMJ. Congress used this same phrase in the pre-2021 version of Article 66 and preserved it in Clause (ii) of the amended statute. That choice matters. The phrase describes a substantive appellate function, not a pleading limitation. The CCA cannot determine whether a question of fact is controverted without examining the record as a whole. Although the amended statute no longer states that the CCA may act on the basis of the entire record, Clause (ii) still supports a whole-record reading because determining controverted questions of fact necessarily requires consideration of the full evidentiary picture, not a mechanical search for the exact deficiency identified by the accused. Had Congress intended to confine the CCA to the specific deficiency identified in Clause (i), it could have said so expressly. It

did not. That whole-record inquiry, however, remains limited to the finding the accused has placed in issue under Clause (i), and does not authorize factual sufficiency review of unchallenged findings.

Clause (iii) points in the same direction. If the CCA is clearly convinced that the *finding* of guilty is against the weight of the evidence, it may set aside or modify the *finding*. Article 66(d)(1)(B)(iii), UCMJ. That remedial authority would be difficult to reconcile with a rule that bars the CCA from relying on a dispositive factual issue simply because the accused did not name it in his Clause (i) statement.

Article 66(d)(1)(B) therefore preserves the CCA's traditional fact-review function, while adding a threshold requirement that the accused make a request and a specific showing of a deficiency in proof for a particular finding. Here, Appellee requested a factual sufficiency review and identified specific deficiencies in the Government's proof regarding consent and the continuation of the sexual act. Once that threshold was satisfied, the AFCCA was entitled to consider the full record, including whether the evidence supported an honest and reasonable mistake of fact as to consent. The lower court therefore did not exceed its factual sufficiency authority by relying on that theory in setting aside the finding of guilty in this case. Further, the lower court's consideration of the entire record in assessing mistake of fact was permissible because it remained directed at the same finding that Appellee had specifically challenged as factually insufficient.

## IV. Conclusion

We answer the first certified question in the affirmative and the second certified question in the negative. The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judge OHLSON, concurring in the judgment.

I am in complete agreement with Chief Judge Maggs's incisive analysis of the meaning and effect of the relatively new provisions of Article 66(d)(1)(B), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(d)(1)(B) (2024), as raised in Certified Issue I. Therefore, I fully join the statutory interpretation in Part II of his dissenting opinion. In sum, I believe the majority misreads the statute, and by so doing, fails to give full effect to the changes envisioned by Congress as reflected in the legislative language it enacted. As a result of today's majority opinion, "Congress went through an awful lot to achieve relatively little." *Wilkinson v. Garland*, 601 U.S. 209, 227 (2024) (Jackson, J., concurring in the judgment).

I only part ways with Chief Judge Maggs on Certified Issue II—and even here I am in substantive agreement with him on key points. Simply stated, unlike Chief Judge Maggs, I am unconvinced that the United States Air Force Court of Criminal Appeals (CCA) committed *reversible error* in addressing the mistake of fact issue. To be clear, if I had been one of the CCA judges deciding this case, I would have held that Appellee failed to adequately spell out a "mistake of fact defense" claim in the course of making his "specific showing of a deficiency in proof." But I am not on that court, and judges of *this* Court apply a deferential abuse of discretion standard to a CCA's application of Article 66(d)(1)(B). *United States v. Csiti*, 85 M.J. 414, 420 (C.A.A.F. 2025). And at bottom, I do not find a sufficient basis to conclude that the CCA abused its discretion when it determined that although Appellee did not use the term "mistake of fact," this was an inherent part of his argument before the lower court.

In reaching this conclusion, I see no reason to cabin review of Appellee's CCA pleadings to Assignment of Error IV alone. Nothing in Article 66 as amended seems to limit CCA consideration of facts or arguments in one assignment of error if they are relevant to another assignment of error (at least where each one involves a claim of factual

insufficiency).[1] However, even if the authority of CCAs is so limited, here Appellee argued with respect to Assignment of Error IV that there was a "reasonable hypothesis that excludes guilt: that . . . the act ceased promptly upon [the victim's] withdrawal of consent." Addressing Appellee's claims, the CCA noted that the "facts are, at best, confusing, or, at worst, in conflict as to how the revocation of consent occurred and was understood." *United States v. Hunt*, No. ACM 40563, 2025 CCA LEXIS 215, at *23, 2025 WL 1420264, at *9 (A.F. Ct. Crim. App. May 16, 2025) (unpublished). Given this ambiguity, the CCA concluded that the "case hinges on mistake of fact as to consent," and that the Government did not prove "continuation of the sexual act without consent was the only real possibility." *Id.* at *24, *27, 2025 WL 1420264, at *9, *10. In coming to this conclusion, the CCA "agree[d] with Appell[ee] that the evidence presented an alternate real possibility that when Appell[ee], using due care, *heard* [the victim] withdraw consent for the sexual act, [Appellee] immediately stopped." *Id.* at *28, 2025 WL 1420264, at *10.

While the CCA cast this as a mistake of fact issue in a way Appellee had not explicitly invoked, in my view this analytical approach was not so disconnected from the argument and framing Appellee presented as to rise to the level of an abuse of discretion, especially in the somewhat complicated context of this "post-penetration withdrawn-consent case." *Id.* at *30, 2025 WL 1420264, at *10. Appellee's assertion that he stopped once he became aware that the complainant withdrew her consent could be viewed as largely overlapping with the issue of a reasonable mistake of fact as to consent despite differing articulations. Accordingly, I find an insufficient basis to reverse the CCA on this ground and I thus would answer Certified Issue II in the negative. Therefore, like the majority, I would affirm the judgment below.

---

[1] Whether a CCA would abuse its discretion by *declining* to look beyond the specific assignment of error in assessing whether an issue was raised is a separate question which need not be resolved here.

Chief Judge MAGGS, with whom Judge OHLSON joins in part, dissenting.

This case requires the Court to answer important questions about a 2021 amendment to Article 66(d) of the Uniform Code of Military Justice (UCMJ). The version of Article 66(d)(1), UCMJ, in effect immediately prior to 2021 addressed the authority of a Court of Criminal Appeals (CCA) to review a court-martial by stating in relevant part:

> The Court may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, the Court may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

10 U.S.C. § 866(d)(1) (2018). This Court interpreted this version of Article 66(d)(1), UCMJ, to require CCAs to conduct a de novo review of the "factual sufficiency" of the evidence in every case. *United States v. Harvey*, 85 M.J. 127, 129-30 (C.A.A.F. 2024). Precedent established the test for factual sufficiency as " 'whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the [CCA] are themselves convinced of appellant's guilt beyond a reasonable doubt.' " *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

Congress substantially amended Article 66(d)(1), UCMJ, in § 542(b) of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, 134 Stat. 3388, 3611-12 (2021). As amended, Article 66(d)(1)(B), UCMJ, now states:

> (B) FACTUAL SUFFICIENCY REVIEW.— (i) In an appeal of a finding of guilty under subsection (b), the Court may consider whether the finding is correct in fact upon request of the accused if the accused makes a specific showing of a deficiency in proof.
>
> (ii) After an accused has made such a showing, the Court may weigh the evidence and determine controverted questions of fact subject to—

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

(I) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence; and

(II) appropriate deference to findings of fact entered into the record by the military judge.

(iii) If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

10 U.S.C. § 866(d)(1)(B) (2024).

Two certified issues pertaining to the amended version of Article 66(d)(1)(B), UCMJ, are now before the Court. Certified Issue I is: "Can a [CCA] find a conviction factually insufficient under Article 66, UCMJ, 10 U.S.C. § 866 based on a matter not raised as a 'deficiency in proof' by the appellant?" Although the Court answers this issue in the affirmative, I am persuaded by the Government's arguments that the issue should be answered in the negative.

Certified Issue II is: "Did the Air Force Court of Criminal Appeals [(AFCCA)] err by finding Appellee's conviction factually insufficient based on mistake of fact as to consent, when Appellee did not identify or argue mistake of fact as to consent as a deficiency in proof in his appeal?" The Court answers this issue in the negative based largely on its answer to Certified Issue I. However, in the light of both my answer to Certified Issue I and a careful reading of Appellee's assignments of error to the AFCCA, I would answer Certified Issue II in the affirmative. As a result, while the Court affirms the decision of the AFCCA, I would set the decision aside. Accordingly, I respectfully dissent.

## I. Introduction

Appellee (Senior Airman Brandon B. Hunt) was charged with one specification of sexual assault without consent in violation of Article 120(b)(2)(A), UCMJ, 10 U.S.C. § 920(b)(2)(A) (2018). The Government's theory at trial was that the named victim, M.M., initially consented to engage in a sexual act with Appellee but when she asked

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

Appellee to stop the sexual act, he did not stop. The court-martial found Appellee guilty.

On appeal to the AFCCA, Appellee presented six assignments of error. Only Assignment of Error IV is relevant to this appeal.[1] In Assignment of Error IV, as discussed more fully below, Appellee challenged the credibility of M.M.'s statements that Appellee did not stop the sexual act when she asked him to stop. Appellee said nothing expressly about a possible defense of reasonable mistake of fact as to consent.

The AFCCA reviewed the case under the recently revised version of Article 66(d)(1)(B), UCMJ. *United States v. Hunt*, No. ACM 40563, 2025 CCA LEXIS 215, at *11, 2025 WL 1420264, at *4 (A.F. Ct. Crim. App. May 16, 2025) (unpublished). Applying Article 66(d)(1)(B)(i), UCMJ—hereinafter referred to as "clause (B)(i)"—the AFCCA first determined that Appellee had established the threshold requirement of making a "specific showing of a deficiency in proof." *Id.* at *11, *20, 2025 WL 1420264, at *4, *7 (internal quotation marks omitted). The deficiency was a "real possibility that the charged sexual act ceased promptly upon [M.M.]'s withdrawal of consent" based on "[M.M.]'s inconsistent statements." *Id.* at *19, 2025 WL 1420264, at *7. The AFCCA next undertook a factual sufficiency review under Article 66(d)(1)(B)(ii), UCMJ—hereinafter referred to as "clause (B)(ii)." *Id.* at *21-22, 2025 WL 1420264, at *7-8. The AFCCA held that the evidence was factually insufficient because the Government did not disprove the defense of mistake of fact as to consent beyond a reasonable doubt. *Id.* at *22, 2025 WL 1420264, at *8. Based on this conclusion, the AFCCA set aside the finding of guilty and

---

[1] Assignments of Error I, II, V, and VI do not concern the issue of factual sufficiency. Although Assignment of Error III does address the factual sufficiency of the evidence, it is also not relevant because it focused on interpretation of the word "penetrating" in the charging language, which is not the subject at issue in the present appeal.

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

dismissed the specification with prejudice. *Id.* at \*31, 2025 WL 1420264, at \*11.

## II. Certified Issue I

Certified Issue I asks whether a CCA can find the evidence to be factually insufficient on a ground not raised as a "deficiency in proof" by an appellant. This issue has arisen because, as described above, the AFCCA's basis for finding the evidence factually insufficient (i.e., the evidence to disprove a defense of mistake of fact as to consent was insufficient) was different from Appellee's asserted deficiency in proof (i.e., the evidence that Appellee did not stop promptly was not credible). The interpretation of a statute is an issue of law that this Court must review de novo. *Harvey*, 85 M.J. at 129. The answer to this question requires a careful examination of clauses (B)(i) and (B)(ii) and their relationship to each other.

Clause (B)(i) authorizes a CCA to conduct a factual sufficiency review only "upon request of the accused if the accused makes a specific showing of a deficiency in proof." Two features of this language immediately stand out. First, under clause (B)(i), unlike under the prior version of Article 66(d)(1), UCMJ, a CCA is no longer obliged to conduct a factual sufficiency review in every case or even permitted to undertake a factual sufficiency review on its own initiative. Instead, a CCA may act only "upon request of the accused." Clause (B)(i) therefore requires the CCAs to observe a principle of party presentation that they previously did not. *See Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (per curiam) (defining the principle of party presentation, which generally prevails in the federal courts, as a "rule that points not argued will not be considered" (quoting *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring in judgment))).

Second, under clause (B)(i), an accused cannot obtain a factual sufficiency review simply by asking for it. Instead, the accused must both request it and make "a specific showing of a deficiency in proof." As Appellee acknowledges in his brief, the new requirement of a specific showing "avoids allowing the defense to obtain factual sufficiency

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

review by making a mere boilerplate allegation of factual insufficiency in every case with a contested finding of guilty." This Court has not yet had occasion to define exactly what is needed to satisfy this requirement. *Harvey*, 85 M.J. at 130 (noting the issue without deciding it). But the requirement of a "specific showing" appears to rest on a principle of judicial efficiency. It ensures that the CCAs do not use their limited resources conducting a factual sufficiency review unless such a review is likely to matter. *Benton v. Maryland*, 395 U.S. 784, 792 (1969) (describing the principle of judicial efficiency as a principle that "permits judges to avoid decision of issues which have no appreciable impact on the rights of any party").

Clause (B)(ii) then states in relevant part: "After an accused has made such a showing, the [CCA] may weigh the evidence and determine controverted questions of fact." Based on the context, the phrase "such a showing" must mean a specific showing of a deficiency in proof that satisfies clause (B)(i) because that is the nearest reference to any kind of showing in the statute. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 144 (1st ed. 2012) (describing the last-antecedent canon of construction). The word "controverted" is not defined in the statute. It therefore should be interpreted according to its typical meaning. In general, to "controvert" something is to "dispute or contest" something. *Controvert, Black's Law Dictionary* (12th ed. 2024). A controverted fact is thus a fact that is disputed or contested.

The key question raised by Certified Issue I is whether there is a necessary linkage between the deficiency shown to satisfy the requirement of clause (B)(i) and the "controverted question[] of fact" that a CCA may "determine" under the authority of clause (B)(i). The Government argues that a CCA is limited in its factual sufficiency review under clause (B)(ii) to only matters specifically raised within an appellant's "specific showing of a deficiency in proof" under clause (B)(i). Appellee, in contrast, argues that factual sufficiency review under clause (B)(ii) is not restricted to the specific deficiencies in proof raised under clause (B)(i).

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

Both parties have presented multiple arguments in support of their positions. Ultimately, I am persuaded by the Government's argument that it would be incongruous for Congress to impose the new requirement in clause (B)(i) that an appellant identify a specific weakness in the evidence to trigger a factual sufficiency review but then allow a CCA under clause (B)(ii) to review the record for issues that have nothing to do with the weakness identified by the appellant. This argument finds support in the well-known "harmonious-reading canon," which says "that the provisions of a text should be interpreted in a way that renders them compatible, not contradictory." Scalia & Garner, *supra* p. 5, at 430.

The Government's interpretation of clause (B)(ii) preserves the key changes brought about by clause (B)(i)—the move to party presentation and the promotion of judicial efficiency—while Appellee's interpretation tends to undermine these changes. Under the Government's interpretation, the CCA examines factual sufficiency only with respect to issues which are raised by the appellant and for which the appellant has already made a specific showing of deficiency. The Government's interpretation thereby harmonizes clauses (B)(i) and (B)(ii). In contrast, under Appellee's interpretation, the principles of party presentation and judicial efficiency are negated because the CCA decides what issues to review under clause (B)(ii) without limit.

Appellee raises three counter arguments. First, Appellee asserts "[t]here is nothing in the statutory language that describes how CCAs will conduct factual sufficiency reviews that suggests the CCA is limited to the specific showing of deficiency in proof that served as its bridge to be able to conduct factual sufficiency review." This statement is true, but the opposite is also true. Nothing in the language of the statute expressly states that a CCA *is not* limited in the manner advocated by the Government. The canon of harmonization is, in my view, what supplies the answer.

Second, Appellee relies on the canon of *expressio unius est exclusio alterius* (the inclusion of one is the exclusion of

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

others). He notes that clause (B)(ii) contains two express limitations on a CCA's factual sufficiency review. Namely, that the review is subject to (I) " 'appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence' "; and (II) " 'appropriate deference to findings of fact entered into the record by the military judge.' " He asserts that "[b]y expressly providing two limitations on the [CCAs's] performance of factual sufficiency review but not providing a limitation based on the scope of the accused's initial specific showing of deficiency in proof, Congress eschewed any such additional limitation." Appellee's argument is not persuasive. The two clauses that Appellee cites concern the standard of review that a CCA is to apply when it reviews an issue; they do not address the question of which issues the CCA may review.

To be sure, the *expressio unius* canon is a valid and important tool that this Court often uses for interpreting statutes. *E.g.*, *United States v. Mooney*, 77 M.J. 252, 257 (C.A.A.F. 2018). But the canon "properly applies only when the . . . thing specified . . . can reasonably be thought to be an expression of *all* that shares in the grant or prohibition involved" and "[c]ommon sense often suggests when this is or is not so." Scalia & Garner, *supra* p. 5, at 107. I therefore am not persuaded that the inclusion of these limitations on the standard of review carry the negative implication that a CCA may review any issue under clause (B)(ii).

Finally, Appellee argues that the Government's interpretation would make review under Article 66(d), UCMJ, "hugely impractical." He asserts that "[t]here is often overlap between various deficiencies in proof, and it may be hard to determine where one deficiency stops and another starts."

Impracticability is a valid matter to consider when interpreting statutes. "When one of two possible meanings yields impracticable results, the other meaning is more likely correct." *United States v. Tinklenberg*, 563 U.S. 647, 666 (2011) (Scalia, J., concurring in part and concurring in the judgment, with whom Roberts, C.J., and Thomas, J., joined). But I am not persuaded that the Government's

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

interpretation of clause (B)(ii) makes application of the statute impracticable. Appellee agrees that the CCAs must determine whether an appellant has made a specific showing of a deficiency under clause (B)(i). If the CCAs can enforce this requirement, they can determine the scope of the factual sufficiency review with respect to the asserted deficiency.

### III. Certified Issue II

Certified Issue II asked whether the AFCCA erred when it held the evidence was factually insufficient to find Appellee guilty based on a mistake of fact as to consent. The Government argues that this Court should answer this question in the affirmative, in the light of its interpretation of clause (B)(ii), because Appellee did not identify mistake of fact as to consent as a deficiency in proof in his appeal. Appellee disagrees, asserting that while he did not use the words "mistake of fact as to consent" in his brief, "[t]his Court should not elevate word choice above substance." Appellee contends that "the core contention (that [he] might reasonably have believed he still had consent up until he stopped) was put before the [AFCCA]."

The parties' disagreement over the answer to Certified Issue II can be resolved only by reading the brief that Appellee submitted to the AFCCA to determine whether he did or did not raise the issue of mistake of fact as to consent.[2] As noted above, only what Appellee argued in his Assignment of Error IV is relevant to this appeal. His entire argument with respect to Assignment of Error IV consisted of the following four paragraphs:

> While [Assignment of Error (A.E.) III] challenges the sufficiency of the evidence based on a question of textual interpretation, this [c]ourt should also consider whether the evidence is factually insufficient due to weaknesses in the

---

[2] Because the AFCCA made no ruling on the issue of whether mistake of fact was a specific deficiency in proof raised by Appellee under clause (B)(i), I will review this question de novo. If the AFCCA had ruled on the question, a different standard might apply.

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

evidence. As outlined throughout this brief, [M.M.]'s testimony was inconsistent in numerous ways.

As outlined in A.E. II, [M.M.]'s prior inconsistent statements indicating the charged act continued consensually for "a few minutes" before it became painful and she asked [Appellee] to stop and that, when she did ask [Appellee] to stop, she "said 'Stop, Stop, Stop,' pushed him off, and the sex ended[.]" These two prior inconsistent statements, individually and collectively, present a reasonable hypothesis that excludes guilt: that after an extended duration of consensually engaging in the charged act, the act ceased promptly upon her withdrawal of consent. Of note, while the military judge erroneously instructed the panel they could not consider this evidence substantively, this [c]ourt can and should consider it substantively in its factual sufficiency review. Additionally, when determining what level of deference to the factfinder is appropriate on this point under the new factual sufficiency standard, this [c]ourt should consider that the factfinder was prohibited from considering the point. Under these circumstances, very little if any deference is appropriate. Similarly, given the lack of instructions on this issue, it is difficult to know how much to defer to a panel that was not provided a legal framework to evaluate the unusual issue of a post-penetration withdrawal of consent. Despite the lack of instructions, this [c]ourt should state what standard it uses to evaluate this issue in its factual sufficiency review.

In addition to the presence of a reasonable alternative hypothesis, [M.M.]'s prior inconsistent statements and acknowledged prior lies also impact her credibility. In this regard, the most concerning fact of all is that [M.M.] openly admitted to lying to [investigators] during its investigation of this case. This twice admitted lie, presumably under oath, was not a collateral matter: it was about the very heart of the allegation against [Appellee]. It should give this [c]ourt extreme pause that [Appellee] stands convicted based on the testimony of a witness who admits to lying to [Air

*United States v. Hunt*, No. 25-0257/AF
Chief Judge MAGGS, with whom Judge OHLSON joins
in part, dissenting

> Force Office of Special Investigations] about so
> pivotal an issue as whether consent was sought
> and obtained.

Brief for Appellant at 23-25, *Hunt*, 2025 CCA LEXIS 215, 2025 WL 1420264 (seventh set of brackets in original) (footnotes omitted) (citations omitted).

As I read the quoted paragraphs, Appellee was not arguing that he was mistaken about a lack of consent or withdrawal of consent. On the contrary, he was challenging M.M.'s credibility in asserting that he did not stop promptly when she withdrew her consent. I am therefore persuaded by the Government's argument that the AFCCA erred in considering a potential mistake of fact as to consent defense in its factual sufficiency review under clause (B)(ii).

## IV. Conclusion

For the foregoing reasons, I respectfully dissent. I would set aside the decision of the United States Air Force Court of Criminal Appeals and affirm the findings and sentence in this case.